UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ERNEST PORTER and THOMAS ALEXANDER,

                Plaintiffs,

    --against--

BOMBINO EXPRESS, INC., MR. MOHAN "DOE", last
Name being fictitious intended to be a
manager/agent/represetantive/servant/employee/supervisor
of Bombino Express, individually and in his official capacity
as
manager/agent/representative/servant/employee/supervisor
of Bombino Express, and MR. SHABIR "DOE", last name
being fictitious intended to be a
manager/agent/representative/servant/employee/supervisor
of Bombino Express, individually and in his official capacity
as
manager/agent/representative/servant/employee/supervisor
of Bombino Express,

                Defendants.
-----------------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

Docket No.:

Plaintiffs ERNEST PORTER and THOMAS ALEXANDER, (hereinafter "Plaintiffs"),

by and through their attorneys, **DRUMMOND & SQUILLACE, PLLC**, state as follows:

## INTRODUCTION

1.     This is an action against Defendants to redress a pattern and practice of wrongful

and unlawful conduct including, but not limited to: the termination of Plaintiffs' employment;

unlawful hostile work environment; unlawful retaliation; unlawful discrimination against

Plaintiffs based upon their age in violation of the Age Discrimination in Employment Act,

("ADEA"), 29 USCS §§621, 623(a)(1), *et.seq*.; unlawful discrimination against Plaintiff

ERNEST PORTER based upon his disability in violation the American with Disabilities Act, 42

U.S.C. Sections 12102, 12111(8), 12112(a), Title I of the Americans with Disabilities Act of

1990, 42 U.S.C. Sections 12111, et seq., and, unlawful termination/discrimination/retaliation/hostile work environment against both Plaintiffs based upon their race/color to wit: African American/black, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(1), New York Executive Law Art. 15 (NY Human Rights Law) and New York State Human Rights Law Sections 290-297.

2.      During the course of their employment with Defendants, as drivers/porters, and at the time of the unlawful discrimination, hostile work environment, retaliation and termination of Plaintiffs by Defendants, Plaintiffs, upon information and belief, were the oldest employees of Defendant BOMBINO EXPRESS, INC.  At the time of their unlawful termination, Plaintiff ERNEST PORTER was Fifty-Five (54) years old and THOMAS ALEXANDER was Fifty-Five (55) years old, while all other employees of Defendant BOMBINO EXPRESS, INC. were in their twenties or thirties.   Further, upon information and belief, Defendant BOMBINO EXPRESS, INC. hired **four younger and less experienced** individuals to carry on/assume Plaintiffs' work load/duties after Defendants unlawfully terminated Plaintiffs herein.

3.      During the course of Plaintiffs' respective employment with Defendants, at no time prior to Plaintiffs' unlawful termination by Defendants did Defendant BOMBINO EXPRESS, INC. ever suspend, demote, discipline, warn or write-up Plaintiffs nor give Plaintiffs any poor work performance evaluation(s).  At no time prior to their unlawful termination did Defendant BOMBINO EXPRESS, INC. ever notify Plaintiffs about any alleged complaints about their work performance.

4.      During the course of their employment with Defendants, Plaintiffs were subjected to an unlawful hostile work environment about which Plaintiffs repeatedly complained to their

Supervisors, to wit: Defendants MOHAN "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express and SHABIR "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express.

5.     That despite Plaintiffs each registering repeated and continuous complaints about the conditions of the workplace and about the unlawful hostile work environment to Defendants MOHAN "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express and SHABIR "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express, Defendants still continued to engage in unlawful harassing behavior, unlawful hostile work environment, and unlawful discrimination based on age, race and disability and, further, retaliated against Plaintiffs for Plaintiffs exercising their right to register complaints about the workplace.

6.     In addition, Defendants unlawfully discriminated and retaliated against Plaintiffs for Plaintiffs' success in a previous lawsuit against Defendant BOMBINO EXPRESS, INC. for unpaid wages and further created and fostered a hostile work environment against Plaintiffs by calling Plaintiffs "stupid" and telling Plaintiffs that Defendants "don't pay Plaintiffs to think", and, further creating, fostering and facilitating a hostile work environment against the Plaintiffs in a deliberate and concerted effort to unlawfully force the Plaintiffs to resign.

7.     Specifically as against Plaintiff ERNEST PORTER, Defendants unlawfully discriminated against Plaintiff ERNEST PORTER because of his disability. Plaintiff ERNEST PORTER suffered a cardiac condition/illness/disability which required surgical intervention, and Plaintiff ERNEST PORTER made Defendants aware of his medical condition and the need for

3

the aforementioned surgery, and that he may require some reasonable accomodation. Plaintiff ERNEST PORTER was hospitalized and underwent cardiac surgery, to wit: a cardiac cauterization procedure on June 23, 2016 for his medical condition, illness and/or disability of which Defendants were aware. Defendants initially advised Plaintiff ERNEST PORTER that he should tend to his health/medical issues as needed and to just notify Defendants when Plaintiff was medically approved to return to work. Plaintiff ERNEST PORTER was hospitalized for the aforementioned cardiac procedure from June 23, 2016 through to June 24, 2016 with his doctors/medical providers advising that Plaintiff could return to work on June 29, 2016. *Annexed hereto and made a part hereof as Exhibit "A" is a copy of Plaintiff Ernest Porter's hospital discharge paperwork from Montefiore/Albert Einstein Hospital and correspondence from Plaintiff's medical provider indicating his approved return date for work that Plaintiff provided to Defendants.*

8.     Plaintiff ERNEST PORTER provided Defendants with notice of the foregoing, including providing medical documentation, at which point Defendants, and specifically Defendants MOHAN "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express and SHABIR "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express, who responded to Plaintiff ERNEST PORTER that Plaintiff should get well and return to work when he was ready. *See Exhibit "A", supra.*

9.     That on June 29, 2016, Plaintiff ERNEST PORTER notified Defendants that he was still feeling weak, sick and/or ill from his cardiac surgery and Defendants told Plaintiff he was excused from work and to notify Defendants when Plaintiff was well enough medically to

4

return to work. On June 30, 2016, Plaintiff ERNEST PORTER was readmitted into Queens Hospital for his cardiac medical illness/condition/disability and Plaintiff ERNEST PORTER notified Defendants of this new admission on that very same day, June 30, 2016, and that he would notify them when he was being released from the hospital and when he would be medically approved to return to work, to all of which Defendants agreed.

10. When Plaintiff ERNEST PORTER was thereafter released from Queens Hospital on July 2, 2016, at which point he notified Defendants verbally and provided them with documentation reflecting the foregoing, to which the Defendants told Plaintiff ERNEST PORTER to return to work following the Fourth of July holiday weekend, to wit: to return to work on July 5, 2016. *Annexed hereto and made a part hereof as Exhibit "B" is a copy of Plaintiff's hospital discharge paperwork from Queens Hospital which Plaintiff ERNEST PORTER provided to Defendants.*

11. That upon Plaintiff ERNEST PORTER'S return to work on July 5, 2016, as per Defendants' explicit instructions to return to work on said day, Defendants unlawfully terminated Plaintiff ERNEST PORTER without cause, without just cause, without justification and without any prior indication or notice of their intention to do so.

12. That Defendants unlawfully terminated Plaintiff ERNEST PORTER because of Plaintiff's medical condition/disability and in unlawful retaliation for Plaintiff's use of the reasonable accommodation of having time/days off from work of which Defendants were aware/had notice for said medical condition/disability and to which Defendants agreed to provide, and that which he is entitled to by law including, but not limited to, accommodation for his cardiac surgery and two hospitalizations therefor.

13.     That Defendants wrongfully and unlawfully discriminated against Plaintiffs ERNEST PORTER and THOMAS ALEXANDER because of their race, ethnicity, color, and/or national origin, as Plaintiffs are both African-American, and were the sole African-American employees of Defendants prior to both Plaintiffs being wrongfully and unlawfully terminated by Defendants herein.   That, further, upon information and belief, Defendants have replaced Plaintiffs with employees who, not only are decades younger than Plaintiffs, but who are not African American as are Plaintiffs herein.

14.     That Defendants further wrongfully and unlawfully discriminated against Plaintiffs ERNEST PORTER and THOMAS ALEXANDER because of their religion, as Plaintiffs are Christian, and all of Defendant BOMBINO EXPRESS, INC.'S other employees were/are of Muslim faith and were given preferential treatment as these Muslim employees were allowed to display religious figures in the trucks they drove in the course of their employment while Plaintiffs, and only Plaintiffs, were prohibited from doing so.

15.     That in exercising his right to complain about the workplace, the conditions of the workplace, and about the unlawful discrimination, retaliation, hostile work environment and unlawful termination of Plaintiffs by Defendants, on or about January 4, 2017 Plaintiff ERNEST PORTER filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, Charge Number 520-2017-02521, charging Defendants with violations of unlawful discrimination based upon Plaintiff's race, color, national origin, age, disability, and retaliation. *Annexed hereto and made a part hereof as Exhibit "C" is a copy of Plaintiff ERNEST PORTER'S EEOC Charge of Discrimination, Charge Number 520-2017-02521.* Plaintiff ERNEST PORTER incorporates herein all of the facts, allegations, instances, incidents and

occurrences stated, detailed and set forth in his EEOC Charge Number 520-2017-02521, attached as Exhibit "C" hereto, with the same force and effect as if more fully set forth herein.

16. That in exercising his right to complain about the workplace, the conditions of the workplace, and the unlawful discrimination, retaliation, hostile work environment and unlawful termination of Plaintiffs by Defendants, on or about January 4, 2017 Plaintiff THOMAS ALEXANDER filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, Charge Number 520-2017-02520, charging Defendants with violations of unlawful discrimination based upon Plaintiff's race, color, national origin, age, religion, and retaliation. *Annexed hereto and made a part hereof as Exhibit "D" is a copy of Plaintiff THOMAS ALEXANDER'S EEOC Charge of Discrimination, Charge Number 520-2017-02520.* Plaintiff THOMAS ALEXANDER incorporates herein all of the facts, allegations, instances, incidents and occurrences stated, detailed and set forth in his EEOC Charge Number 520-2017-02520, attached as Exhibit "D" hereto, with the same force and effect as if more fully set forth herein.

17. That on or about September 8, 2017, the U.S. Equal Employment Opportunity Commission issued Plaintiffs ERNEST PORTER and THOMAS ALEXANDER a Notice of Right to Sue Letter for each Plaintiffs' respective EEOC Charges of Discrimination, to wit: EEOC Charge Numbers 520-2017-02520 and 520-2017-02521. *Annexed hereto and made a part hereof as Exhibit "E" are copies of said Notice of Right to Sue Letters for each Plaintiff herein.*

18. As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiffs have suffered and continue to suffer injuries, mental anguish, loss of the enjoyment of life, emotional distress (both intentional and negligent), deprivation of their civil rights, and loss of income.

## JURISDICTION

19.     This action is brought pursuant to the Age Discrimination in Employment Act, ("ADEA"), 29 USCS §§621, 623(a)(1), et.seq.; the Americans with Disabilities Act, 42 U.S.C. Sections 12102, 12111(8), 12112(a), Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12111, et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(1), New York Executive Law Art. 15 (NY Human Rights Law), New York State Human Rights Law Sections 290-297 and the Laws and Constitution of the United States of America and the State of New York.

20.     Venue is proper in this district under 28 U.S.C. Section 1391(b).

## PARTIES

21.     Plaintiff, ERNEST PORTER who is a lawful resident of the United States and resides in the State of New York, was employed with Defendant BOMBINO EXPRESS, INC. as a driver/delivery operator from on or about 2008 to on or about July 2016 when he was unlawfully terminated by Defendants.

22.     Plaintiff, THOMAS ALEXANDER, who is a lawful resident of the United States and resides in the State of New York, was employed with Defendant BOMBINO EXPRESS, INC. as a driver/delivery operator from on or about 2000 to on or about August 2016 when he was unlawfully terminated by Defendants.

23.     At all relevant times herein mentioned, during the course of Plaintiffs' employment with Defendants, Plaintiffs ERNEST PORTER and THOMAS ALEXANDER were Fifty-Four (54) and Fifty-Five (55) years old, respectively and were the oldest employees

employed with/at Defendants—the next oldest employees being decades younger—in his/her 30's.

24. Plaintiff ERNEST PORTER is a member of a protected class as he is an African-American/black male, is Fifty-Four (54) years of age, is a Christian and is disabled, to wit: Plaintiff ERNEST PORTER suffered from a cardiac condition which required surgery and repeated hospitalizations of which Defendants were aware, were given notice and for which Defendants were provided medical documentation and requests for reasonable accommodation.

25. Plaintiff THOMAS ALEXANDER is a member of a protected class as he is African-American/black, is Fifty-Five (55) years old and is a Christian.

26. That at all relevant times herein mentioned, Defendant BOMBINO EXPRESS, INC. is a domestic and/or foreign corporation existing by and under the laws of the City and/or State of New York, as Defendant operates in shipping and delivery, specifically working in conjunction with the New York City area airports.

27. That at all relevant times herein mentioned, Defendant BOMBINO EXPRESS, INC. was and is the employer of Defendant MOHAN "DOE", last name being fictitious intended to be the manager/supervisor of BOMBINO EXPRESS, INC. and Defendant SHABIR "DOE", last name being fictitious intended to be the manager/supervisor of BOMBINO EXPRESS, INC.

28. That at all relevant times herein mentioned, Defendants employ more than fifteen (15) employees and is an "employer" as defined by the Age Discrimination in Employment Act, ("ADEA"), 29 USCS §§621, 623(a)(1), et.seq.; the Americans with Disabilities Act, 42 U.S.C. Sections 12102, 12111(8), 12112(a), Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12111, et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-

9

2(a)(1), New York Executive Law Art. 15 (NY Human Rights Law), New York State Human Rights Law Sections 290-297and the Laws of the State of New York and United States of America.

29.     That at all relevant times herein mentioned, Defendant, MOHAN "DOE", last name being fictitious intended to be the manager/supervisor of BOMBINO EXPRESS, INC., is an agent, servant, licensee and/or employee of Defendant BOMBINO EXPRESS who, at all times herein mentioned, acted within the scope of his employment with said Defendant.

30.     That at all relevant times herein mentioned, Defendant SHABIR "DOE", last name being fictitious intended to be the manager/supervisor of BOMBINO EXPRESS, INC., is an agent, servant, licensee and/or employee of Defendant BOMBINO EXPRESS who, at all times herein mentioned, acted within the scope of his employment with said Defendant.

31.     That at all relevant times herein mentioned, in addition to the facts alleged in the foregoing and following subparagraphs, Defendants MOHAN "DOE", last name being fictitious intended to be the manager/supervisor of BOMBINO EXPRESS, INC. and SHABIR "DOE", last name being fictitious intended to be the manager/supervisor of BOMBINO EXPRESS, INC. are sued in their individual capacities and in their respective official capacities as agents, servants, licensees and/or employees of Defendant BOMBINO EXPRESS, INC. and for the purpose of the within action, and at all times herein alleged, acted within the scope of their employment as agents, servants, licensees and/or employees of said Defendant.

## **EXHAUSTION OF CIVIL ADMINISTRATIVE PROCEDURES**

32.     That Plaintiffs timely filed with the Equal Employment Opportunity Commission (EEOC) a Charge of Discrimination against Defendants and Plaintiffs received a Notice of the

Right to Sue from the EEOC within 90 days of the filing of this Complaint. *See Exhibit "E",* *supra.*

## FACTUAL AND GENERAL ALLEGATIONS

33.     That Plaintiffs ERNEST PORTER and THOMAS ALEXANDER repeat, reiterate, reassert and reallege each and every fact and allegation set forth above in paragraphs numbered "1" to "32" with the same force and effect as if more fully set forth herein.

*Plaintiff ERNEST PORTER*

34.     That Plaintiff ERNEST PORTER was hired by Defendants as a driver/delivery operator in or around 2008 and was employed with Defendants in same position/role for a period of approximately eight (8) years, until he was unlawfully terminated by Defendants on July 5, 2016.

35.     That during the entirety of his employment with Defendants, Plaintiff ERNEST PORTER performed his duties adequately, reliably, responsibly, to the satisfaction of Defendants as his employer, and, at no point prior to his unlawful termination, did Defendants ever suspend, demote, discipline, warn or write-up Plaintiff ERNEST PORTER nor give Plaintiff ERNEST PORTER any poor work performance evaluations or ever notify Plaintiff ERNEST PORTER about any alleged complaints about his work performance.

36.     That on or about June 23, 2016 Plaintiff ERNEST PORTER suffered a cardiac condition/illness/disability which required surgical intervention about which Plaintiff ERNEST PORTER made Defendants aware, as well as making Defendants aware of his medical condition, of the need for the aforementioned surgery, and, that he may require reasonable accommodation for same from/by Defendants. Plaintiff ERNEST PORTER was hospitalized and underwent

11

cardiac surgery, to wit: a cardiac cauterization procedure on June 23, 2016 for his medical condition, illness and/or disability of which Defendants were aware.

37. Defendants initially advised Plaintiff ERNEST PORTER that he should tend to his medical/health issues as needed and to just notify Defendants when Plaintiff was medically approved to return to work. Plaintiff ERNEST PORTER was hospitalized for the aforementioned cardiac procedure from June 23, 2016 through to June 24, 2016 with his doctors/medical providers advising that Plaintiff could return to work on June 29, 2016. *See Exhibit "A", supra.*

38 That Plaintiff ERNEST PORTER provided Defendants with notice of the foregoing, including providing medical documentation, at which point Defendants, and specifically Defendant MOHAN "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express, responded to Plaintiff ERNEST PORTER that Plaintiff should get well and return to work when he was ready. *See Exhibit "A", supra.*

39. That on June 29, 2016, Plaintiff ERNEST PORTER notified Defendants that he was still feeling weak, sick and/or ill from his cardiac surgery and Defendants told Plaintiff he was excused from work and to notify Defendants when Plaintiff was well enough medically to return to work. On June 30, 2016, Plaintiff ERNEST PORTER was readmitted into Queens Hospital for his cardiac medical illness/condition/disability and Plaintiff ERNEST PORTER notified Defendants of this new admission on that very same day, June 30, 2016, and that he would notify them when he was being released from the hospital and when he would be medically approved to return to work—to all of which Defendants agreed at the time Plaintiff ERNEST PORTER notified them of the foregoing.

40.     That when Plaintiff ERNEST PORTER was thereafter released from Queens Hospital on July 2, 2016, he notified Defendants verbally of same and provided them with medical documentation reflecting the foregoing to which the Defendants told Plaintiff ERNEST PORTER to return to work following the Fourth of July holiday weekend, to wit: to return to work on July 5, 2016. *See Exhibit "B", supra.*

41.     That upon Plaintiff ERNEST PORTER'S return to work on July 5, 2016, as per Defendants' explicit instructions to return to work on said day, Defendants unlawfully terminated Plaintiff ERNEST PORTER without cause, without just cause, without justification and without any prior indication or notice of their intention to do so.

42.     That Defendants unlawfully terminated Plaintiff ERNEST PORTER because of Plaintiff's medical condition/disability and in unlawful retaliation for Plaintiff ERNEST PORTER'S use of the reasonable accommodation of having time/days off from work for his medical condition/disability of which Defendants were aware and to which Defendants agreed to provide him with said reasonable accommodation—an accommodation to which Plaintiff ERNEST PORTER is entitled to by law including, but not limited to, accommodation for his cardiac surgery and two hospitalizations therefor.

43.     That at all relevant times herein mentioned, the Defendants did not treat other disabled employees as they unlawfully treated Plaintiff ERNEST PORTER herein.

44.     That at all relevant times herein mentioned, Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER were the oldest employees of Defendants. At the time of his unlawful termination, Plaintiff ERNEST PORTER was Fifty-Four (54) years old, and he and his brother, Plaintiff THOMAS ALEXANDER, were the only employees in their

Fifties—with all other employees of Defendants decades younger than Plaintiffs, to wit: in their Twenties or Thirties.

45. Further, upon information and belief, following the unlawful terminations of Plaintiffs ERNEST PORTER and THOMAS ALEXANDER, Defendant BOMBINO EXPRESS, INC. hired four younger and less experienced individuals to carry on/assume Plaintiffs' work/ load/duties.

46. That Defendants did not treat similarly situated employees of younger ages as they treated Plaintiff ERNEST PORTER herein.

47. That at all relevant times herein mentioned, Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER were the sole/only African American/black employees of Defendants.

48. Further, upon information and belief, Defendants replaced Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER with employees who are not only decades younger than Plaintiffs, but who are not African American/black as is Plaintiff ERNEST PORTER herein.

49. That at all relevant times herein mentioned, the Defendants did not treat other employees who were not of African-American race/color/descent/national origin as they treated Plaintiff ERNEST PORTER herein.

50. That at all relevant times herein mentioned, Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER were the only Christian employees of Defendant BOMBINO EXPRESS, INC. and that all of Defendants' other employees were/are of Muslim faith and were given preferential treatment by Defendants as these Muslim employees were allowed to display religious figures in the trucks they drove in the course of their employment

14

while Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER, and only Plaintiffs who are Christian, were prohibited from doing so by Defendants.

51.     That at all relevant times herein mentioned, Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER were the only Christian employees of Defendant BOMBINO EXPRESS, INC. and that at all times herein mentioned, Defendants did not treat other non-Christian employees as they unlawfully treated Plaintiff ERNEST PORTER herein.

52.     That during the course of his employment with Defendant, Plaintiff ERNEST PORTER was further subjected to an unlawful hostile work environment about which Plaintiff repeatedly complained to Defendants, including to his supervisors Defendants MOHAN "DOE", last     name     being     fictitious     intended     to     be     a manager/agent/representative/servant/employee/supervisor of Bombino Express, and SHABIR "DOE",     last     name     being     fictitious     intended     to     be     a manager/agent/representative/servant/employee/supervisor of Bombino Express, where same Defendants engaged in continuous and unlawful harassing behavior towards/against Plaintiff ERNEST PORTER based on unlawful retaliation for Plaintiff ERNEST PORTER exercising his right to register complaints about the workplace and for Plaintiff ERNEST PORTER'S success in a previous lawsuit against Defendant BOMBINO EXPRESS, INC. for unpaid wages. Defendants unlawfully created, fostered, facilitated and perpetrated an unlawful hostile work environment against Plaintiff ERNEST PORTER as Defendants repeatedly spoke to Plaintiff ERNEST PORTER in a derogatory, condescending and harassing manner including, but not limited to, Defendant MOHAN "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express, calling Plaintiff ERNEST PORTER "stupid" and telling Plaintiff ERNEST PORTER that Defendants "don't pay

Plaintiff to think"; thereby creating, fostering and facilitating a hostile work environment against Plaintiff ERNEST PORTER in a deliberate and concerted effort to discriminate, harass, intimidate Plaintiff ERNEST PORTER and/or to unlawfully force Plaintiff ERNEST PORTER to resign from Defendants' employ.

53.     That at all relevant times herein mentioned, Defendants did not treat other employees who registered complaints about the workplace as they unlawfully treated Plaintiff ERNEST PORTER herein.

54.     That at all relevant times herein mentioned, the Defendants did not treat other disabled employees who were not in their fifties, were not African-American/black and were not Christian, as they unlawfully treated Plaintiff ERNEST PORTER herein.

55.     That at all relevant times herein mentioned, Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER were the only employees of Defendants who were of African-American race/ethnicity/ancestry/descent/color/national origin, were the oldest employees in Defendants' employ and, were the only Christian employees and, Defendants did not treat other similarly situated employees who were not of African-American descent who were not of the age of Plaintiffs, who were not Christian as they unlawfully treated Plaintiff ERNEST PORTER herein.

56.     That on July 5 2016, Defendants wrongfully and unlawfully terminated Plaintiff ERNEST PORTER because of Plaintiff ERNEST PORTER'S medical condition/disability, age, race/color/national origin, religion and, in furtherance of the unlawful hostile work environment and unlawful retaliation against Plaintiff ERNEST PORTER herein.

57.     That despite Defendant BOMBINO EXPRESS, INC. having a major contract to provide services to New York City area airports, including John F. Kennedy International

Airport, and Defendants having a high volume basic workload, Defendants terminated Plaintiff ERNEST PORTER alleging "lack of work"—a mere pretext for their unlawful conduct herein, as, immediately subsequent to Defendants terminating Plaintiff ERNEST PORTER and his brother Plaintiff THOMAS ALEXANDER'S employment, Defendants hired *four new employees to do the same job as Plaintiffs, who, upon information and belief, were decades younger and none of whom were of African-American descent/black nor Christian.*

58. As a result of Defendants' unlawful, discriminatory, hostile and retaliatory treatment, Plaintiff ERNEST PORTER has sustained, suffered and continues to sustain and suffer injuries including, but not limited to: mental pain, anguish, emotional distress, loss of income, loss of wages, loss of benefits, loss of medical benefits, backpay, loss of title/position and other damages.

59. As a result of Defendants' unlawful discrimination, termination, retaliation, abusive and/or hostile conduct, policies, practices and/or work environment, Plaintiff ERNEST PORTER claims damages herein.

*Plaintiff THOMAS ALEXANDER*

60. That Plaintiff THOMAS ALEXANDER was hired by Defendants as a driver/delivery operator in or around 2000 and was employed with Defendants in same position/role for a period of approximately sixteen (16) years, until he was unlawfully terminated by Defendants on or about August 1, 2016.

61. That during the entirety of his employment with Defendants, Plaintiff THOMAS ALEXANDER performed his duties adequately, reliably, responsibly and to the satisfaction of Defendants, and, at no point prior to his unlawful termination, did Defendants ever suspend, demote, discipline, warn or write-up Plaintiff THOMAS ALEXANDER nor give Plaintiff

THOMAS ALEXANDER any poor work performance evaluations or ever notify Plaintiff THOMAS ALEXANDER about any alleged complaints about his work performance.

62. That at all relevant times herein mentioned, Plaintiff THOMAS ALEXANDER and his brother Plaintiff ERNEST PORTER were the oldest employees of Defendants. At the time of his unlawful termination, Plaintiff THOMAS ALEXANDER was Fifty-Five (55) years old, and he and his brother Plaintiff ERNEST PORTER, were the only employees of Defendants' in their Fifties, with all other employees of Defendants decades younger than Plaintiffs, to wit: in their Twenties or Thirties, and Defendants did not treat the other decades younger employees as they treated Plaintiff THOMAS ALEXANDER herein.

63. Further, upon information and belief, following the unlawful terminations of Plaintiff THOMAS ALEXANDER and his brother Plaintiff THOMAS ALEXANDER, Defendant BOMBINO EXPRESS, INC. hired four younger and less experienced individuals to carry on/assume Plaintiffs' work load/duties.

64. That at all relevant times herein mentioned, Plaintiff THOMAS ALEXANDER, and his brother Plaintiff ERNEST PORTER, were the sole/only African American/black employees of Defendants.

65. Further, upon information and belief, Defendants replaced Plaintiff THOMAS ALEXANDER, and his brother Plaintiff ERNEST PORTER, with employees who are not only decades younger than Plaintiffs, but who are not African American/black as is Plaintiff THOMAS ALEXANDER herein.

66. That at all relevant times herein mentioned, the Defendants did not treat other employees who were not of African American race/color/descent/national origin as they treated Plaintiff THOMAS ALEXANDER herein.

67.    That at all relevant times herein mentioned, Plaintiff THOMAS ALEXANDER, and his brother Plaintiff ERNEST PORTER, were the only Christian employees of Defendant BOMBINO EXPRESS, INC. and that all of Defendants' other employees were/are of Muslim faith and were given preferential treatment by Defendants as these Muslim employees were allowed to display religious figures in the trucks they drove in the course of their employment while Plaintiff THOMAS ALEXANDER and his brother Plaintiff ERNEST PORTER, and only Plaintiffs who are Christian, were prohibited from doing so.

68.    That at all relevant times herein mentioned, Defendants did not treat similarly situated non-Christian employees as they treated Plaintiff THOMAS ALEXANDER herein and unlawfully discriminated against Plaintiff THOMAS ALEXANDER based on his religion by forcibly removing a cross that Plaintiff THOMAS ALEXANDER had displayed in his assigned truck/delivery vehicle, while allowing Defendants' other employees, who were not of Christian faith, to display emblems/religious figures/symbols related to their faith on their assigned trucks/delivery vehicles.

69.    That at all relevant times herein mentioned, Plaintiff THOMAS ALEXANDER, and his brother Plaintiff ERNEST PORTER, were the only Christian employees of Defendant BOMBINO EXPRESS, INC. and that at all times herein mentioned, Defendants did not treat other non-Christian employees as they unlawfully treated Plaintiff THOMAS ALEXANDER herein.

70.    That during the course of his employment with Defendants, Plaintiff THOMAS ALEXANDER was subjected to an unlawful hostile work environment about which Plaintiff repeatedly complained to Defendants, including to his supervisors, Defendants MOHAN "DOE", last    name    being    fictitious    intended    to    be    a

manager/agent/representative/servant/employee/supervisor of Bombino Express, and SHABIR "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express, as same Defendants engaged in continuous and unlawful harassing behavior towards/against Plaintiff THOMAS ALEXANDER based on unlawful retaliation for Plaintiff THOMAS ALEXANDER exercising his right to register complaints about the workplace and for Plaintiff THOMAS ALEXANDER'S success in a previous lawsuit against Defendant BOMBINO EXPRESS, INC. for unpaid wages. Defendants unlawfully created, fostered, facilitated and perpetrated an unlawful hostile work environment against Plaintiff THOMAS ALEXANDER by repeatedly speaking to Plaintiff THOMAS ALEXANDER in a derogatory, condescending, harassing manner including, but not limited to, Defendant MOHAN "DOE", last name being fictitious intended to be a manager/agent/representative/servant/employee/supervisor of Bombino Express calling Plaintiff THOMAS ALEXANDER "stupid" and telling Plaintiff THOMAS ALEXANDER that Defendants "don't pay Plaintiff to think"; thereby creating, fostering and facilitating a hostile work environment for Plaintiff THOMAS ALEXANDER in a deliberate and concerted effort to harass, discriminate, intimidate Plaintiff THOMAS ALEXANDER and/or to unlawfully force Plaintiff THOMAS ALEXANDER to resign from Defendants employ.

71.    That at all relevant times herein mentioned, Defendants did not treat other employees who registered complaints about the workplace as they unlawfully treated Plaintiff THOMAS ALEXANDER herein.

72.    That at all relevant times herein mentioned, the Defendants did not treat other employees, who were not the age of Plaintiffs, were not African American/black and were not Christian as they unlawfully treated Plaintiff THOMAS ALEXANDER herein.

73.     That at all relevant times herein mentioned, Plaintiff THOMAS ALEXANDER, and his brother Plaintiff ERNEST PORTER, were the only employees of Defendants who were of African American race/ethnicity/ancestry/descent/color/national origin, who are Christian and who were the oldest employees in Defendants' employ, and, Defendants did not treat other similarly situated employees who were not of African American descent or the age of Plaintiffs as they unlawfully treated Plaintiff THOMAS ALEXANDER herein.

74.     That on or about August 1, 2016, Defendants wrongfully and unlawfully terminated Plaintiff THOMAS ALEXANDER because of Plaintiff THOMAS ALEXANDER'S age, race/color/national origin, religion and in furtherance of the unlawful hostile work environment and in unlawful retaliation against Plaintiff THOMAS ALEXANDER herein.

75.     That despite Defendant BOMBINO EXPRESS, INC. having a major contract to provide services to New York City area airports, including John F. Kennedy International Airport and Defendants having a high volume basic workload, Defendants terminated Plaintiff THOMAS ALEXANDER alleging "lack of work"—a mere pretext for their unlawful conduct, herein, as, immediately subsequent to Defendants terminating Plaintiff THOMAS ALEXANDER, and his brother Plaintiff ERNEST PORTER'S employment, Defendants *hired four new employees to do the same job as Plaintiffs, who were decades younger and none of whom were of African American descent.*

76.     As a result of Defendants' unlawful, discriminatory, hostile and retaliatory treatment, Plaintiff THOMAS ALEXANDER has sustained, suffered and continues to sustain and suffer injuries including, but not limited to: mental pain, anguish, emotional distress, loss of income, loss of wages, loss of benefits, loss of medical benefits, loss of title/position and other damages.

77.     As a result of Defendants' unlawful discrimination, termination, retaliation, abusive and/or hostile conduct, policies, practices and/or work environment, Plaintiff THOMAS ALEXANDER claims damages herein.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC 12102, 12111(8), 12112(9), TITLE I OF THE AMERICANS WITH DISABILITIES ACT, 42 USC 12111, et. seq., ON BEHALF OF PLAINTIFF ERNEST PORTER

78.     Plaintiffs repeat, reassert, reiterate and re-allege each and every allegation set forth above in paragraphs of the complaint numbered "1-77" with the same force and effect as if more fully set forth at length herein.

79.     That at all times relevant herein mentioned, Plaintiff ERNEST PORTER is an employee as defined by/within the meaning of the Americans with Disabilities Act.

80.     That at all relevant times herein mentioned, Plaintiff is disabled as defined within the meaning of the Americans with Disabilities Act, as he suffered from a cardiac illness/sickness/condition that required two corrective surgeries, and hospitalizations therefor, that substantially limits/impairs one or more major life activities for Plaintiff ERNEST PORTER in that a major bodily function of Plaintiff ERNEST PORTER was medically impaired, to wit: Plaintiff ERNEST PORTER'S circulatory system/circulatory functioning and cardiac functioning was/is substantially impaired/limited/restricted as defined under the ADA.

81.     That when Plaintiff ERNEST PORTER returned to employment with Defendants on or about July 5, 2016, and on or about June 2016 and to present, Plaintiff ERNEST PORTER was disabled as defined by the Americans with Disabilities Act and was able to work/perform his duties with reasonable accommodation for same as he so requested from/by Defendants.

82. At said aforementioned time when Plaintiff ERNEST PORTER returned to employment with Defendants on July 5, 2016, as per same Defendants' direction and after undergoing major surgery and subsequent hospitalization, of which Defendants were aware, Plaintiff ERNEST PORTER was and still remains otherwise able to perform the essential functions of a truck driver/delivery operator with reasonable accommodation.

83. Defendant BOMBINO EXPRESS, INC. is an employer as defined by the Americans with Disabilities Act.

84. Plaintiff ERNEST PORTER was employed by Defendant BOMBINO EXPRESS, INC. for all relevant periods herein.

85. Defendant BOMBINO EXPRESS, INC. is the employer of MOHAN "DOE", last name being fictitious intended to be the manager of Bombino Express, Inc., and SHABIR "DOE", last name being fictitious intended to be the manager of Bombino Express, Inc.

86. Defendants MOHAN "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc. and SHABIR "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc. are agents, employees, licensees and/or servants of Defendant BOMBINO EXPRESS, INC.

87. Defendant BOMBINO EXPRESS, INC., as employer of Defendants MOHAN "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc. and SHABIR "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc., is liable for said Defendants' intentional and unlawful discriminatory acts, conduct, treatment, practices and/or policies that were unlawfully and discriminatorily applied to Plaintiff ERNEST PORTER including, but not limited to, for said Defendants'

unlawful discrimination, hostile work environment and termination of Plaintiff ERNEST PORTER because of Plaintiff ERNEST PORTER'S disability herein.

88.     That Defendants violated the Americans with Disabilities Act by being aware of Plaintiff ERNEST PORTER'S disability and, after being requested to make reasonable accommodation to the Plaintiff, to which Defendants originally agreed, Defendants then, upon Plaintiff ERNEST PORTER'S return to work on July 5, 2016, intentionally and unlawfully refused to provide any reasonable accommodation to same Plaintiff and, instead, terminated Plaintiff ERNEST PORTER under false pretext; thereby discriminating against Plaintiff ERNEST PORTER because of his disability.

89.     That Defendants' indication that Plaintiff ERNEST PORTER was being terminated due to lack of available work was clearly a false pretext for Defendants' unlawful and discriminatory behavior as Defendants have a major contract to provide services to New York City area airports including to John F. Kennedy International Airport and have a high volume basic workload.  Further, Defendants' alleged "lack of work" is a pretext as Defendants immediately hired four new employees who were decades younger/non-disabled/non-Christian/non-black/African American to replace Plaintiff ERNEST PORTER, and his brother Plaintiff THOMAS ALEXANDER, following their wrongful terminations.

90.     That at all times herein mentioned, as a direct and proximate result of Defendants' conduct, actions and/or omissions and unlawful denial/refusal to provide Plaintiff ERNEST PORTER with reasonable accommodations for his disability, Plaintiff suffered and continues to suffer mental pain, anguish, emotional distress, loss of income, loss of wages, loss of benefits, loss of medical benefits, loss of title/position and other damages.

91.     That at all times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of the Americans with Disabilities Act.

92.     Further, as a direct and proximate result of Defendants' conduct, Plaintiff ERNEST PORTER suffered the following injuries and/or damages:

a.      Plaintiff was discharged from employment, losing title/position, with Defendants and has sustained a loss of income/salary/wages/backpay and other economic harm/expenses;

b.      Plaintiff has lost benefits, specifically, cancellation of his health benefits plan, and payment for medical treatment that otherwise would have been covered by the health benefits plan;

c.      Plaintiff seeks compensation for all lost wages and benefits, plus prejudgment interest at the prevailing rate;

d.      Plaintiff has suffered actual monetary losses directly resulting from Defendants' violation of the ADA;

e.      Plaintiff is entitled to post-judgment interest on all sums, including attorneys' fees and costs awarded in this action;

f.      Defendants' conduct was an intentional and willful violation of the ADA;

g.      Plaintiff is entitled to an award of liquidated damages within the meaning of the ADA.

93.     That as a direct and proximate result of the foregoing, Plaintiff ERNEST PORTER claims damages herein.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. SECTIONS 1981, 1981(a), & 2000 et. seq. ON BEHALF OF PLAINTIFFS
ERNEST PORTER AND THOMAS ALEXANDER**

94.     Plaintiffs repeats, reassert, reiterate and re-alleges each and every allegation set forth above in paragraphs of the complaint numbered "1" to "93" with the same force and effect as if more fully set forth at length herein.

95.     Defendant BOMBINO EXPRESS, INC. is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981, 1981(a), 42 U.S.C. Section 2000e, *et. seq.*

96.     Plaintiffs ERNEST PORTER and THOMAS ALEXANDER are members of a protected class, based on Plaintiffs' age, color/race/ethnicity/national origin, religion and Plaintiff ERNEST PORTER'S disability.

97.     Defendants' unlawful, discriminatory, retaliatory, abusive and/or hostile conduct/work environment and treatment against Plaintiffs because of their age, disability, race/ethnicity/color/national origin, and exercise of their right to engage in the protected activity of registering complaints about the workplace, deprived Plaintiffs of their right to make and enforce contracts to the full and equal benefit of Defendants' regulations and all laws and proceedings for the security of Plaintiff's employment in violation of Title VII of the Civil rights Act, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3) and 2000(e)-2(a)(1).

98.     Defendants, their officers, agents, servants, and/or employees are responsible for the intentional and unlawful/discriminatory/hostile/retaliatory acts, conduct, treatment, practices and /or policies, and for creating and/or fostering a hostile work environment that caused Plaintiffs to suffer and sustain damages.

99.     Defendants, their officers, agents, servants, and/or employees are/were, at all times herein mentioned, acting within the scope of their employment.

100.    Defendant BOMBINO EXPRESS, INC., as employer of Defendants MOHAN "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc. and SHABIR "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc., is liable for said Defendants' intentional, unlawful, discriminatory, hostile and/or retaliatory acts, conduct, treatment, practices and/or policies against Plaintiffs herein.

101.    That at all relevant times herein mentioned, Plaintiffs were both in their Fifties, and upon information and belief, were the oldest employees of Defendant BOMBINO EXPRESS, INC. as theywere substantially older than all other employees of same Defendant, who were all, upon information and belief, in their Twenties and Thirties.

102.    Defendants, their officers, agents, servants and/or employees discriminated in the workplace against Plaintiffs because of their age and race/color/ethnicity/national origin, based on Plaintiff ERNEST PORTER'S disability, and in unlawful retaliation to Plaintiffs' lawful complaints about the hostile work environment/work conditions including, but not limited to, a prior successful lawsuit against Defendants for unpaid wages.

103.    At all relevant times herein mentioned, Plaintiffs were the only employees of Defendants who are/were of Christian faith and Defendants did not treat Plaintiffs the same as similarly situated non-Christian employees as they treated Plaintiffs herein as Defendants forcibly removed a cross that Plaintiff THOMAS ALEXANDER had displayed in his assigned delivery vehicle/truck, while allowing Defendants' other employees, who were not of Christian

faith, to display their emblems/religious figures/symbols related to their faith on their assigned trucks/delivery vehicles.

104. That at all relevant times herein mentioned, Plaintiffs were the only employees of African-American descent/ethnicity/race/national origin/black and Defendants did not treat similarly situated non-African-American/black employees as they treated Plaintiffs herein.

105. Defendants do not treat the other younger, non-Christian, non-disabled and non-black/African American employees similarly situated as Plaintiffs, as they treated the Plaintiffs herein.

106. Defendants do not treat other non-disabled employees similarly situated as Plaintiff ERNEST PORTER, as they treated same Plaintiff ERNEST PORTER herein.

107. Defendants do not treat other groups who do not engage in the protected activity of registering complaints about work conditions/environment, similarly situated as Plaintiffs, as they treated Plaintiffs.

108. Defendants do not treat other employees of non-Christian faith similarly situated as Plaintiffs, as they treated the Plaintiffs herein.

109. Defendants used a "lack of available work" as a clear and obvious false pretext to terminate Plaintiffs herein as Defendants have consistent work and major contracts to provide services to the New York City area airports, and, immediately following Defendants' termination of Plaintiffs, upon information and belief, Defendants hired _four new employees, who were all younger than Plaintiffs and were not of African-American descent/race/color/ethnicity_, to replace Plaintiffs and to perform the same work/duties as Plaintiffs had been performing prior to their unlawful termination herein.

110. Defendant BOMBINO EXPRESS, INC., as employer of Defendants MOHAN "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc., and SHABIR "DOE", last name being fictitious intended to be the manager/supervisor of Bombino Express, Inc., is liable for said Defendants' intentional and unlawful and discriminatory acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiffs herein.

111. That Defendant BOMBINO EXPRESS, INC. knew of said Defendants' unlawful, discriminatory, retaliatory and hostile and/or abusive acts, conduct, treatment, practices, and/or policies against the Plaintiffs, and/or, had same Defendant exercised due care they would have discovered same.

112. That Defendants failed to take remedial and/or corrective action to address the unlawful, retaliatory and discriminatory practices the Defendants caused to be visited upon the Plaintiffs herein.

113. That Defendants unlawfully created and/or fostered a discriminatory, retaliatory, hostile and/or abusive work environment against the Plaintiffs based upon their age, race/ethnicity/national origin, religion, disability and exercise of the protected activity of complaining about the hostile work environment/conditions of the Defendants' workplace environment.

114. As a direct and proximate result of Defendants' conduct, Plaintiffs ERNEST PORTER and THOMAS ALEXANDER suffered the following injuries and/or damages:

a. Plaintiffs were unlawfully discharged from employment; resulting in lost pay and benefits and accrued expenses;

b. Plaintiffs have lost benefits; specifically, cancellation of health benefits plan and

payment for medical treatment that otherwise would have been covered by the health benefits plan;

c.     Plaintiffs seek compensation for all lost wages, income, salary, backpay and benefits, plus prejudgment interest at the prevailing rate;

d.     Plaintiffs have suffered actual monetary losses directly resulting from Defendants' violation of Title VII of the Civil Rights Act;

e.     Plaintiffs are entitled to post-judgment interest on all sums, including attorneys' fees and costs awarded in this action;

f.     Defendants' conduct was an intentional and willful violation of Title VII of the Civil Rights Act;

g.     Plaintiffs are entitled to an award of liquidated damages within the meaning of Ti tle VII of the Civil Rights Act.

115.    As a direct and proximate result of the foregoing, Plaintiffs claim damages herein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") 29 USCS §§ 621, 623(A)(1), *ET.SEQ.* ON BEHALF OF PLAINTIFF'S ERNEST PORTER AND THOMAS ALEXANDER

116.    Plaintiffs repeat, reassert, reiterate and re-allege each and every allegation set forth above in paragraphs of the complaint number "1" to "115" with the same force and effect as if set forth at length herein.

117.    That at all relevant times herein mentioned, Plaintiff ERNEST PORTER was fifty-four (54) years old and Plaintiff THOMAS ALEXANDER was fifty-five (55) years old and are members of a protected group based on age.

118.    That, upon information and belief, during the course of their employment and at all relevant times herein mentioned, Plaintiffs were the oldest employees of Defendants and were

substantially older than all other employees, who were in their Twenties and Thirties—decades younger than Plaintiffs ERNEST PORTER and THOMAS ALEXANDER herein.

119. That, upon information and belief, after unlawfully terminating Plaintiffs from their employment in July and August of 2016, with the proffered false pretext for Plaintiffs' termination, to wit: Defendants' alleged limited work available, Defendants hired _hired four younger, non-African-American/non-Christian/non-disabled individuals to perform the duties and functions that Plaintiffs had previously performed in their employment with Defendants._

120. That at all relevant times herein mentioned, Plaintiffs were and are qualified for the positions of truck driver/delivery operator as they had been hired to perform and prior to their unlawful termination by Defendants, Defendants _never_ issued or gave Plaintiffs any demotion, suspension, probation, reprimand, warning or poor work performance evaluations and, further, Defendants never informed Plaintiffs of any alleged complaints about their work performance prior to their unlawful termination herein.

121. That any allegations by Defendants of Plaintiffs' alleged poor work performance or otherwise are a mere pretext for the unlawful discrimination and unlawful termination they caused Plaintiffs to suffer herein.

122. That any allegations by Defendants of Plaintiffs' termination being related to an alleged lack of need of Plaintiffs' services due to limited workload is likewise a mere pretext for the unlawful discrimination and unlawful termination they caused Plaintiffs to suffer herein as Defendants have a major contract to provide services to the New York area airports and have a high volume basic workload for which Defendants, after unlawfully terminating Plaintiffs herein, immediately _hired four new employees_, who were decades younger than Plaintiffs and none of

whom were African-American, to replace Plaintiffs and assume Plaintiffs' work/duties for Defendants.

123.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the following injuries and/or damages:

a.    Plaintiffs were unlawfully discharged from employment; resulting in lost title, position, pay and benefits and accrued expenses;

b.    Plaintiffs have lost benefits; specifically, cancellation of health benefits plan and payment for medical treatment that otherwise would have been covered by the health benefits plan;

c.    Plaintiffs seek compensation for all lost wages, salary, income, backpay and benefits, plus prejudgment interest at the prevailing rate;

d.    Plaintiffs have suffered actual monetary losses directly resulting from Defendants' violation of the ADEA;

e.    Plaintiffs are entitled to post-judgment interest on all sums, including attorneys' fees and costs awarded in this action;

f.    Defendants' conduct was an intentional and willful violation of the ADEA;

g.    Plaintiffs are entitled to an award of liquidated damages within the meaning of the ADEA.

124.    As a direct and proximate result of the foregoing, Plaintiffs ERNEST PORTER and THOMAS ALEXANDER claim damages herein.

**PENDENT STATE CLAIMS**

**AS AND FOR A FOURTH CAUSE OF ACTION: DEFENDANTS' VIOLATION OF
PLAINTIFFS' RIGHTS PURSUANT TO NEW YORK HUMAN RIGHTS LAW AND
NEW YORK EXECUTIVE LAW ARTICLE 15, SECTIONS 290-297 ON BEHALF OF
BOTH PLAINTIFFS ERNEST PORTER AND THOMAS ALEXANDER**

125. Plaintiffs repeat, reiterate, reassert and re-allege each and every allegation set forth above in paragraphs of the Complaint numbered "1"to "124" with the same force and effect as if set forth at length herein.

126. Defendant BOMBINO EXPRESS, INC. is an employer within the meaning of the New York Human Rights Law, New York Executive Law Article 15, and New York Executive Law Sections 290-297.

127. Plaintiffs are employees within the meaning of the New York Human Rights Law, New York Executive Law Article 15 and New York Human rights Law Sections 290-297.

128. At all relevant times herein mentioned, Plaintiff THOMAS ALEXANDER was Fifty-Five (55) years old and Plaintiff ERNEST PORTER was Fifty-Four (54) years old—decades older than the other employees of Defendants—and, as such, are members of a protected age group as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

129. That at all relevant times herein mentioned and up to his unlawful termination, and in or about July 5, 2016, Plaintiff ERNEST PORTER was disabled and entitled to his requested reasonable accommodation as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

130. At all relevant times herein mentioned, Plaintiffs THOMAS ALEXANDER and ERNEST PORTER were the only employees of Defendants of African American/black race/ethnicity/nationality/origin and, as such, Plaintiffs are members of a protected racial class as

defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

131.    At all relevant times herein mentioned, Plaintiffs ERNEST PORTER and THOMAS ALEXANDER were the only employees who were/are Christian and, as such, Plaintiffs are members of a protected religious class as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

132.    During the course of Plaintiffs' employment with Defendants and at all relevant times herein mentioned, Plaintiffs engaged in protected activity, defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297, of registering complaints with Defendants about the hostile work environment/conditions of Defendants' workplace, about the discrimination by Defendants against Plaintiffs based upon their race, color, age, religion and disability, and, about the retaliation by Defendants against same Plaintiffs for their prior lawful and protected activity of registering complaints about said working conditions including, but not limited to, a successful prior lawsuit against Defendants for unpaid wages.

133.    As set forth above, Defendants unlawfully discriminated and retaliated against Plaintiffs, and, created and/or fostered a hostile work environment against Plaintiffs, based upon Plaintiffs' age, race/color/ethnicity/national origin, religion, and disability and further unlawfully retaliated against same Plaintiffs for engaging in protected activity; thereby rendering are liable for their intentional and willful violations of the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297 against Plaintiffs herein.

134.    That at all relevant times herein mentioned, the Defendants' conduct, actions and/or omissions were intentional and willful violations of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

135.    As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the following injuries and/or damages:

a.    Plaintiffs were unlawfully discharged from employment; resulting in lost title, position, pay, backpay and benefits and accrued expenses;

b.    Plaintiffs have lost benefits; specifically, cancellation of health benefits plan and payment for medical treatment that otherwise would have been covered by the health benefits plan;

c.    Plaintiffs seek compensation for all lost wages, income/salary/backpay and benefits, plus prejudgment interest at the prevailing rate;

d.    Plaintiffs have suffered actual monetary losses directly resulting from Defendants' violation of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297;

e.    Plaintiffs are entitled to post-judgment interest on all sums, including attorneys' fees and costs awarded in this action;

f.    Defendants' conduct was an intentional and willful violation of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297;

g.    Plaintiffs are entitled to an award of liquidated damages within the meaning of New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

136. Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

137. That as a direct and proximate result of the foregoing, Plaintiffs claim damages herein.

### AS AND FOR A FIFTH CAUSE OF ACTION: DEFENDANT BOMBINO EXPRESS, INC.'S FAILURE TO TRAIN, SUPERVISE, MANAGE AND/OR CONTROL ON BEHALF OF PLAINTIFFS ERNEST PORTER AND THOMAS ALEXANDER

138. Plaintiffs repeat, reassert, reiterate and re-allege each and every allegation set forth above in paragraphs of the Complaint numbered "1" to "137" with the same force and effect as if more fully set forth at length herein.

139. At all relevant times herein mentioned, Defendants BOMBINO EXPRESS, INC. has/had a duty to supervise, manage, oversee, maintain, control and/or train their employees, servants and/or agents, including, but not limited to, Defendants MOHAN "DOE", last name being fictitious intended to be a manager/supervisor of Bombino Express, Inc. and SHABIR "DOE", last name being fictitious intended to be a manager/supervisor of Bombino Express, Inc.

140. At all relevant times herein mentioned, Defendants MOHAN "DOE", last name being fictitious intended to be a manager/supervisor of Bombino Express, Inc. and SHABIR "DOE", last name being fictitious intended to be a manager/supervisor of Bombino Express, Inc. are employees, servants and/or agents of Defendant BOMBINO EXPRESS, INC.

141. At all relevant times herein mentioned, Defendant BOMBINO EXPRESS, INC. has/had a duty to supervise, manage, oversee, maintain, control and/or train their employees, servants and/or agents, particularly Defendants MOHAN "DOE", and SHABIR "DOE".

142. At all relevant times herein mentioned, Defendant BOMBINO EXPRESS, INC. is negligent in that Defendant failed its duty to supervise, manage, oversee, maintain, control

and/or train their employees, servants and/or agents, particularly Defendants MOHAN "DOE",

and SHABIR "DOE" so that same employees would be aware that it is unlawful to discriminate

against Plaintiffs, unlawful to create and/or foster a hostile work environment against Plaintiffs

and unlawful to retaliate against Plaintiffs based upon Plaintiffs' age,

race/color/ethnicity/national origin, religion, disability and for engaging in protected activity—in

violation of the New York Human Rights Law, New York Executive Law Article 15 and New

York Executive Law Sections 290-297.

143.    Defendant BOMBINO EXPRESS, INC.'s negligence was a direct and proximate

cause of the harm/damages/injuries visited upon the Plaintiffs herein.

144.    Further, as a direct and proximate result of Defendant BOMBINO EXPRESS,

INC.'s negligence, Plaintiffs suffered the following injuries and/or damages:

    a.    Plaintiffs were unlawfully discharged from employment; resulting in lost title,

    position, pay benefits and accrued expenses;

    b.    Plaintiffs have lost benefits; specifically, cancellation of health benefits plan and

    payment for medical treatment that otherwise would have been covered by the health

    benefits plan;

    c.    Plaintiffs seek compensation for all lost wages, salary/income/backpay and

    benefits, plus prejudgment interest at the prevailing rate;

    d.    Plaintiffs have suffered actual monetary losses directly resulting from

    Defendants' violation of New York Human Rights Law, New Executive Law

    Article 15 and New York Executive Law Sections 290-297;

    e.    Plaintiffs are entitled to post-judgment interest on all sums, including attorneys'

    fees and costs awarded in this action;

f.      Defendants' conduct was an intentional and willful violation of New York

Human Rights Law, New Executive Law Article 15 and New York Executive Law

Sections 290-297;

g.      Plaintiffs are entitled to an award of liquidated damages within the meaning of

New York Human Rights Law, New Executive Law Article 15 and

New York Executive Law Sections 290-297;

145.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental

jurisdiction to hear and adjudicate such claims;

146.    That as a direct and proximate result of the foregoing, Plaintiffs claim damages

herein.

## AS AND FOR A SIXTH CAUSE OF ACTION: PUNITIVE DAMAGES ON BEHALF OF BOTH PLAINTIFFS ERNEST PORTER AND THOMAS ALEXANDER

147.    Plaintiffs repeat, reassert, reiterate and re-allege each and every allegation set

forth above in the Complaint numbered "1" to "146" with the same force and effect as if set forth

at length herein.

148.    That Defendants' wanton, reckless, malicious and/or intentional conduct in

unlawfully and intentionally discriminating against Plaintiffs and in unlawfully and intentionally

terminating Plaintiffs herein based upon Plaintiff ERNEST PORTER'S disability and based

upon    Plaintiff    ERNEST    PORTER    and    THOMAS    ALEXANDER'S    age,

race/color/ethnicity/national origin, and religion violated the Age Discrimination in Employment

Act ("ADEA", 29 USCS 621, 623(a)(1), et. seq.; the Americans with Disabilities Act, 42 USC

Sections 12102, 12111(8), 12112(a), Title I of the Americans with Disabilities Act of 1990, 42

USC Sections 12111, et. seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil

Rights Act of 1991, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-

2(a)(1), New York Executive Law Art. 15 (NY Human Rights Law) and New York State Human Rights Law Sections 290-297 herein.

149. That as a direct and proximate result of Defendants' wanton, reckless, malicious and/or intentional conduct, Plaintiffs claim punitive damages herein against Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**DAMAGES**

150. As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, Plaintiffs ERNEST PORTER and THOMAS ALEXANDER sustained and suffered the following:

(a) Violation of Plaintiff ERNEST PORTER'S rights as secured by the Americans with Disabilities Act, 42 U.S.C. Sections 12102, 12111(8), 12112(a), Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12111, et. seq.;

(b) Violation of both Plaintiffs' rights as secured by Title VII of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981, 1981(a), 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(1);

(c) Violation of Plaintiffs ERNEST PORTER'S and THOMAS ALEXANDER'S rights as secured by the Age Discrimination in Employment Act, 29 USCS 621, 623(a)(1), *et. seq.*;

(d) Violation of Plaintiffs ERNEST PORTER'S and THOMAS ALEXANDER'S Rights as secured by 42 U.S.C. Section 1981, 1981(a), 2000, 2000(e), 2000(e)(3), and 2000(e)-2(a)(1), *et. seq.*;

(e)    Violation of Plaintiffs ERNEST PORTER'S and THOMAS ALEXANDER'S Rights as secured by the New York State Human Rights Law, N.Y. Executive Law, Article 15 and Sections 290-297;

(f)    Humiliation, mental pain, anguish, pain and suffering, and emotional distress;

(g)    Economic damages, including loss of income, wages, salary, backpay and benefits;

(h)    Psychological, emotional and economic damages which are direct and/or proximate consequences of the Defendants' actions, that are continuing to date, and, upon information and belief, will continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs ERNEST PORTER and THOMAS ALEXANDER request the following relief jointly and severally as against all of the Defendants:

1.    Award compensatory damages in an amount to be determined at trial;

2.    Award punitive damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

3.    Disbursements, costs and attorneys' fees; and

4.    For such other further relief to this Court may seem just and proper.

## ALL CONDITIONS PRECEDENT HAVE BEEN PERFORMED OR HAVE OCCURRED.

## PLAINTIFFS DEMAND TRIAL BY JURY.

Dated:      Jamaica, New York
              November 6, 2017

Yours, etc.

JENNA DICOSTANZO (JD 1127)
Drummond & Squillace, PLLC
Attorneys for Plaintiffs
ERNEST PORTER and THOMAS ALEXANDER
175-61 Hillside Avenue Suite 205
Jamaica, New York 11432
(718) 298-5050

41

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK

COUNTY OF QUEENS                          ss.:

ERNEST PORTER, being duly sworn, deposes and says that deponent is the above named Plaintiff; deponent has read the foregoing SUMMONS and VERIFIED COMPLAINT and knows its contents; the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

ERNEST PORTER

Sworn to before me this ___4th___ day of November, 2017

Notary Public

Stephen Lloyd Drummond
Notary Public, Qualified in Nassau County
Registered in New York County
State of New York
Reg #02DR6064196
Expires 09-24-20

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK

COUNTY OF QUEENS                               ss.:

THOMAS ALEXANDER, being duly sworn, deposes and says that deponent is the above named Plaintiff; deponent has read the foregoing SUMMONS and VERIFIED COMPLAINT and knows its contents; the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

THOMAS ALEXANDER

Sworn to before me this _7th_ day of November, _2017_

Notary Public

Stephen Cloyd Drummond
Notary Public, Qualified in Nassau County
Registered in New York County
State of New York
Reg #02DR6064196
Expires 11/24/20

## ATTORNEY'S VERIFICATION

JENNA DICOSTANZO, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiffs, EARNEST PORTER and THOMAS ALEXANDER, in the action within. I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:     Jamaica, New York
           November 7, 2017

_____
JENNA DICOSTANZO, ESQ.